UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ANTHONY ROBINSON,

        Plaintiff,        Case Number: 2:10-CV-10069

v.        HON. GERALD E. ROSEN

YEE,

        Defendant.
_____/

### ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT

Plaintiff, Darryl Anthony Robinson, currently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Plaintiff's complaint alleges that defendant Yee violated his First Amendment right of access to the courts. He seeks monetary and injunctive relief.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

>frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."). Plaintiff has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Robinson v. Lesatz, et al.*, No. 2:05-cv-217 (W.D. Mich. Nov. 7, 2005); *Robinson v. Luoma*, No. 2:05-cv-218 (W.D. Mich. Nov. 7, 2005); *Robinson v. Kutchie, et al.*, No. 2:05-cv-211 (W.D. Mich. Oct. 28, 2005); *Robinson v. Snow, et al.*, No. 2:05-cv-212 (W.D. Mich. Oct. 28, 2005); *Robinson v. Etelamaki, et al.*, No. 2:05-cv-200 (W.D. Mich. Oct. 4, 2005); *Robinson v. Caruso, et al.*, No. 2:05-cv-191 (W.D. Mich. Sept. 21, 2005).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is

filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

In this case, Plaintiff's claim regarding his right of access to the courts does not raise the danger of physical harm.

Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated:  January 15, 2010

I hereby certify that a copy of the foregoing document was served upon:

**Darryl A. Robinson**
172898
Macomb (MSP)
Macomb Correctional Facility
34625 26 Mile Rd.
New Haven, MI 48048

on January 15, 2010, by ordinary mail.

                                s/Ruth Brissaud

                                Case Manager